02D09-2012-CT-000605

Allen Superior Court 9

Filed: 12/8/2020 10:52 AM
Clerk
Allen County, Indiana
BB

| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

ISOLINA BALL, )
)
    Plaintiff, )
)
v. )
)
RED RIVER WASTE SOLUTIONS, LP, )
)
    Defendant. )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Isolina Ball, a qualified female former employee of Defendant, who at all times material to this Charge performed within the reasonable expectations of her employer. Plaintiff alleges she was subjected to sexual harassment, discriminated against, and retaliated against for complaining of discrimination on the basis of her sex (female) and her sexual orientation, in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"). Further, Plaintiff alleges she was discriminated against and retaliated against on the basis of her race (Black/African-American) in violation of her rights under Title VII as well as 42 U.S.C. § 1981.

2. The Defendant is Red River Waste Solutions, a company doing business at 5252 Old Maumee Rd., Fort Wayne, IN 46803. Defendant is an "employer" for the purposes of Title VII and § 1981.

3. Plaintiff filed her Charge of Discrimination with the Equal employment Opportunity Commission ("EEOC") on or about February 19, 2020, a copy of which is attached hereto,

–1–

incorporated herein, and made a part hereof as "Ex. A." The EEOC issued its Notice of Right to Sue on November 4, 2020, a copy of which is attached hereto and made a part hereof as "Ex. B." All jurisdictional prerequisites have been met, and all administrative remedies have been exhausted, for the filing of this lawsuit.

4. Plaintiff worked for Defendant from approximately May 17, 2019 (as a temporary employee who was hired into a full-time position after approximately 90 days) until her wrongful termination on or about September 18, 2019. Her job title was Driver.

5. From the beginning of her employment with Defendant, Plaintiff was assigned to ride with driver Mark Woods. On multiple occasions, almost daily, Woods sexually harassed Plaintiff, despite knowing that she is gay, and married to a woman. He told Plaintiff that if she did not voluntarily have sex with him that he would "take it" and threatened to rape Plaintiff's wife as well. On one occasion Woods came up behind Plaintiff and rubbed his penis against Plaintiff as she was loading garbage into the truck while he moaned. He often talked about having sex and oral sex with Plaintiff, who refused his advances each time. When Plaintiff threatened to report him, he dared her to and said he was "#1 pick around here" and if she did, she would be fired.

6. Plaintiff reported Woods' sexually harassing behaviors anyway to her supervisor, who said he would look into the situation, but nothing changed for a long period of time.

7. Plaintiff was also subjected to Woods (who is Caucasian) using racial slurs on a regular basis, referring to other African-American drivers as "niggers" which made Plaintiff extremely uncomfortable. Plaintiff reported these incidents as well.

8. Then, in July 2019, Plaintiff witnessed Woods call the company dispatcher Margie a "nigger." Plaintiff again reported Woods' reprehensible behaviors.

9. On July 19, 2019, supervisor "Josh" requested that Plaintiff write a statement, on behalf of Defendant, about the incident between Woods and Margie. Plaintiff refused to write a false statement in defense of Defendant, and then inquired as to why none of her own complaints about Woods had ever been addressed. Josh became irate, and said he was "handling it," but then on July 26th suspended Plaintiff for three days (with pay) in retaliation for her refusal to write a false statement and for complaining of the harassment and discrimination.

10. When Plaintiff returned to work, she was still assigned to ride with Woods. Woods was finally terminated, allegedly for the incident with Margie, in approximately late August.

11. In September 2019 Plaintiff was then assigned to ride with driver Kevin White. Plaintiff and Kevin got along well and had no issues. Kevin often complained to Plaintiff of the long hours and "not enough pay." Plaintiff and Kevin became friends, and Kevin even had lunch at Plaintiff's house while on lunch breaks on more than one occasion.

12. On September 13, 2019, Plaintiff received a strange call from a supervisor named Camille, who accused Plaintiff of "being mean to Kevin," and was asked why she "didn't do that to Mark [Woods]." After that call Plaintiff immediately called her supervisor Josh and told him what had just happened. Plaintiff requested a meeting with Josh, Kevin, Camille, and herself.

13. At the requested meeting, Kevin notified all present that Plaintiff had never been "mean" to him, and that they were in fact friends. Josh stated "it must have been a

--3--

misunderstanding," and Camille apologized to Plaintiff for the accusation, but then told Josh that she did not even remember calling Plaintiff and saying that.

14. The following day Plaintiff was terminated by the Defendant for allegedly causing Kevin to "abandon his route" and quit his job. However, as Plaintiff was leaving the Defendant's property, Kevin came in, approached her, and asked her if she was ready to get started working. Plaintiff told Kevin she had been fired because he had allegedly quit because of her, to which Kevin responded that this was untrue, he had not quit, and he did not know why "they" were doing this to her.

15. Since her termination, Plaintiff has learned that Woods is again working for the Defendant through a temporary agency, and by information and belief, is teamed up with Kevin on their daily routes.

16. Plaintiff contends that the proffered reason for her termination was false and pretextual, and in reality she was discriminated against and retaliated against on the basis of her sex (female), her sexual orientation, her race, and for complaining of discrimination and sexual harassment, and/or for refusing to provide a false statement to support her harasser after she reported him to management for making disparaging racial remarks, all in violation of her federally protected rights pursuant to Title VII and § 1981.

17. Defendant's discriminatory and retaliatory conduct was the direct and proximate cause of Plaintiff suffering the loss of her job- and job-related benefits, including income, and subjected her to emotional distress, humiliation, and other damages and injuries. Plaintiff is entitled to seek compensatory damages.

18. Furthermore, Defendant's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Plaintiff's federally protected rights, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant for compensatory damages punitive damages, reasonable attorney fees and costs, and all other just and proper relief.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**LAW OFFICE OF JENNIFER L. HITCHCOCK**

/s/ Jennifer L. Hitchcock
Jennifer L. Hitchcock, #34635-02
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802
Telephone: (260) 240-4644
Facsimile: (260) 444-3441
E-mail: Jennifer@jhitchcocklaw.com
Attorney for Plaintiff

-5-

| 02D09-2012-CT-000605 | Filed: 12/8/2020 10:52 AM |
| Allen Superior Court 9 | Clerk, Allen County, Indiana |

02:27:29 p.m. 02-19-2020 | 4 | 2604443
2020-02-19 15:06 | 0 2604443441 >> 3172267953 | P 4/6 BB

EEOC Form 5 (11/09)

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 470-2020-01727

**Equal Employment Opportunity Commission** and EEOC
*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Isolina Ball | (260) 205-8021 | 09/03/1990 |

| Street Address | City, State and ZIP Code |
|---|---|
| 332 Kinsmore Avenue | Fort Wayne, IN 46807 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Red River Waste Solutions | 50+ | (260) 748-0883 |

| Street Address | City, State and ZIP Code |
|---|---|
| 5252 Old Maumee Rd. | Fort Wayne, IN 46803 |

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[X] OTHER (Specify) Sexual Harassment/Sexual Orientation

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 04/2019    Latest: 09/18/2019
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. The Complainant is Isolina Ball, a qualified female former employee of Respondent, who at all times material to this Charge performed within the reasonable expectations of her employer. Complainant alleges she was subjected to sexual harassment, and discriminated against and retaliated against for complaining of discrimination on the basis of her sex (female) and her sexual orientation, in violation of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII"). Further, Complainant alleges she was discriminated against and retaliated against on the basis of her race (Black/African-American) in violation of her rights under Title VII as well as 42 U.S.C. § 1981.

II. The Respondent is Red River Waste Solutions, a company doing business at 5252 Old Maumee Rd., Fort Wayne, IN 46803. Respondent is an "employer" for the purposes of Title VII and § 1981.

III. Complainant worked for Respondent from approximately May 17, 2019 (as a temporary employee who was hired into a full-time position after approximately 90 days) until her wrongful termination on or about September 18, 2019. Her job title was Driver.

IV. From the beginning of her employment with Respondent, Complainant was assigned to ride with driver Mark Woods. On multiple occasions, almost daily, Woods sexually harassed Complainant. He told Complainant that if she did not voluntarily have sex with him that he would "take it" and threatened to rape Complainant's wife as well. On one occasion Woods came up behind Complainant and rubbed his penis against Complainant as she was loading garbage into the truck while he moaned. He often talked about having sex and oral sex with Complainant, who refused his advances each time. When Complainant threatened to report him, he dared her to and said he was "#1 pick around here" and if she did, she would be fired.

V. Complainant reported Woods' behaviors anyway to her supervisor, who said he would look into the situation, but nothing changed for a long period of time.

VI. Complainant was also subjected to Woods (who is Caucasian) using racial slurs on a regular basis, referring to other African-American drivers as "niggers" which made Complainant extremely uncomfortable. Complainant reported these incidents as well.

**EXHIBIT A**

VII. Then, in July 2019, Complainant witnessed Woods call the company dispatcher Margie a "nigger." Complainant again reported Woods' reprehensible behaviors. On July 19, 2019, supervisor "Josh" requested that Complainant write a statement, on behalf of Respondent, about the incident between Woods and Margie. Complainant refused to write a false statement in defense of Respondent, and then inquired as to why none of her own complaints about Woods had ever been addressed. Josh became irate, and said he was "handling it," but then on July 26th suspended Complainant for three days (with pay) for her refusal to write a false statement and for complaining of the harassment and discrimination.

VIII. When Complainant returned to work, she was still assigned to ride with Woods. Woods was terminated, allegedly for the incident with Margie, in approximately late August.

IX. In September 2019 Complainant was then assigned to ride with driven Kevin White. Complainant and Kevin got along well and had no issues. Kevin often complained to Complainant of the long hours and "not enough pay." Complainant and Kevin became friends, and Kevin even had lunch at Complainant's house while on lunch breaks on more than one occasion.

X. On September 13, 2019, Complainant received a strange call from a supervisor named Camille, who accused Complainant of "being mean to Kevin," and was asked why she "didn't do that to Mark [Woods]." After that call Complainant immediately called her supervisor Josh and told him what had just happened. Complainant requested a meeting with Josh, Kevin, Camille, and herself.

XI. At the requested meeting, Kevin notified all present that Complainant had never been "mean" to him, and that they were in fact friends. Josh stated "it must have been a misunderstanding," and Camille apologized to Complainant for the accusation, but then told Josh that she did not even remember calling Complainant and saying that.

XII. The following day Complainant was terminated by the Respondent for allegedly causing Kevin to "abandon his route" and quit his job. However, as Complainant was leaving the Respondent's property, Kevin came in, approached her, and asked her if she was ready to get started working. Complainant told Kevin she had been fired because he had allegedly quit because of her, to which Kevin responded that this was untrue, he had not quit, and he did not know why "they" were doing this to her.

XIII. Since her termination, Complainant has learned that Woods is again working for the Respondent through a temporary agency, and by information and belief, is teamed up with Kevin on their daily routes.

XIV. Complainant contends that the proffered reason for her termination was false and pretextual, and in reality she was discriminated against and retaliated against on the basis of her sex (female), her sexual orientation, her race, and for complaining of discrimination and sexual harassment, and/or for refusing to provide a false statement to support her harasser after she reported him to management for making disparaging racial remarks, all in violation of her federally protected rights pursuant to Title VII and § 1981.

XV. Respondent's discriminatory and retaliatory conduct was the direct and proximate cause of Complainant suffering the loss of her job- and job-related benefits, including income, and subjected her to emotional distress, humiliation, and other damages and injuries. Complainant is entitled to seek compensatory damages.

XVI. Furthermore, Respondent's discriminatory and retaliatory conduct was intentional, knowing, willful, wanton, and in reckless disregard of Complainant's federally protected rights, warranting an imposition of punitive damages.

2020-02-19 15:07  0 2604443441 >> 3172267953  P 6/6

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY — When necessary for State and Local Agency Requirements |
|---|---|
| | Amber N. Diaz |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| | Isabine Ball |
| 2-19-2020  Isabine Ball | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date  Charging Party Signature | February 19, 2019 |

AMBER N DIAZ
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Feb 16, 2026

02D09-2012-CT-000605

Filed: 12/8/2020 10:52 AM
Clerk
Allen County, Indiana
BB

EEOC Form 161-B (11/16)

### U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To: Isolina Ball<br>332 Kinsmore Avenue<br>Fort Wayne, IN 46807 | From: Indianapolis District Office<br>101 West Ohio Street<br>Suite 1900<br>Indianapolis, IN 46204 |

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2020-01727 | Michelle D. Ware,<br>Enforcement Supervisor | (463) 999-1184 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Michelle Eisele,
District Director

NOV 0 4 2020

*(Date Mailed)*

Enclosures(s)

cc: Michelle R. Maslowski
OGLETREE DEAKINS
111 Monument Circle
Suite 4600
Indianapolis, IN 46204

Jennifer Hitchcock
LAW OFFICE OF JENNIFER HITCHCOCK
116 E. Berry Street, Suite 1110
Fort Wayne, IN 46802



EXHIBIT B